**IN THE COURT OF APPEALS OF IOWA**

No. 19-0769
Filed July 24, 2019

**IN THE INTEREST OF B.W. and E.W.,**
**Minor Children,**

**C.W., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother appeals the termination of her parental rights to her two children.

**AFFIRMED.**

Robin L. Miller, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Greer, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the juvenile court's termination of her parental rights to two children, born in 2006 and 2012. She contends (1) the State failed to prove the grounds for termination cited by the juvenile court, (2) termination was not in the children's best interests, and (3) the juvenile court should have declined to terminate her parental rights because the children were placed with a relative.

The juvenile court terminated the mother's parental rights pursuant to two statutory provisions. We may affirm if we find clear and convincing evidence to support either of the grounds. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). On our de novo review, we will focus on Iowa Code section 232.116(1)(f) (2018), which requires proof of several elements, including proof the children cannot be returned to the parent's custody.

The mother has a long history of substance abuse. The department of human services first intervened in 2009 and again took action in 2013, when drug tests were positive for marijuana and methamphetamine. The department most recently became involved with the family in early 2017, after it was reported that the mother's boyfriend might be using and manufacturing methamphetamine. The department offered the mother services to address the family's needs. The services were unsuccessful. The department investigated several separate incidents and found that the mother abused or neglected the children. The juvenile court removed the children from her custody and adjudicated them in need of assistance.

The mother participated in supervised visits with the children three times a week.  A service provider who supervised later visits testified an impediment to reunification was the mother's lack of sobriety and consistent drug testing.

The mother's move toward sobriety was indeed checkered.  She tested positive for marijuana on several occasions and admitted to consuming methamphetamine in July 2018.  At least two drug patches administered after July—one as recently as January 2019—were positive for methamphetamine

At the termination hearing, the mother was asked about the most recent positive test.  She stated the result could be traced to a nap she took in a methamphetamine user's bed.  As for the prior positive result, she stated she was near her father when he ingested methamphetamine.  The juvenile court found the mother's testimony incredible.  We give weight to this finding.

The mother's explanations for the positive results are especially questionable given the number of drug tests she missed.  According to the department case manager, she was called for eighty tests in eighteen months. She did not appear for forty-seven of them.

Despite her continued use of illegal substances, the mother testified she was "willing and able to take [her] kids" home.  We find it unnecessary to recount the numerous facts that belie her assertion.  Suffice it to say that the State proved the children could not be returned to the mother's custody at the time of the termination hearing.

There is also no question termination was in the children's best interests. *See* Iowa Code § 232.116(2).  Founded child abuse reports documented the adverse effects of the mother's drug use on the children.  Additionally, the mother

lacked a safe and approved home for the children in the city to which she was moving. Although she testified the cousin with whom the children were placed would ease the transition to her care, there was scant evidence the transition could take place in the immediate or near term.

We are left with the mother's argument that the juvenile court should not have terminated her parental rights because the children were placed with relatives. *See id.* § 232.116(3)(a). Those relatives did not have legal custody of the child; the department did. *Cf. In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (stating child's maternal grandparents had legal custody of child but also rejecting grandparents' request for transfer of guardianship and custody to them). In any event, given the mother's lack of progress toward sobriety, we conclude the exception to termination was appropriately not invoked.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**